UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 04-cr-00463-MSK

UNITED STATES OF AMERICA,

          Plaintiff,

v.

1. LINDA CARNAGIE,
2. NINA MARIE CAMERON,
3. LESLIE ROUSSEAU,
4. ALBERTICO GALINDO,
5. SONIA RAMIREZ,
6. SANDRA LINDSEY,
7. ROSAURA RAMIREZ,
8. GAIL HENDERSON,
9. DWAYNE VANDYKE,
10. CHRISTOPHER ALLEN,
11. DENISHA WALKER,
12. DAVID WOMELY,
13. RANDAL JONES,
14. SHEILA LOCKETT,
15. SHAWN GARRETTE,
16. **LINDA EDWARDS,**
17. LADONNA MULLINS,
18. TRENSON L. BYRD, aka TL Byrd,
19. EMMITT COTTON, SENIOR,
20. STAFFORD A. HILAIRE,
21. TYRONE TENNYSON,
22. ROBERT WEDGEWORTH,
23. DARYL COLLINS,
24. TRACIE LOCKHART,
25. AARON BLATHERS,
26. SEBASTIAN SCOTT,
27. MICHAEL KEYS,
28. QUNELL JEFFERSON,
29. DONNA BLACKLOCK,
30. MAURICE POOLE,
31. MONICA FITE,
32. AURELIA WALKER,
33. WENDY WILKINS,and
34. ODIE WEBSTER, III,
          Defendants.

## ORDER DIRECTING THE FILING OF LEGAL AUTHORITY

THIS MATTER comes before the Court on Defendant Linda Edwards' Objection to Admissibility of Evidence Derived Through Warren Williams' Cooperation with the Government **(#1234)**, to which the Government responded **(#1245)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

On May 23, 2006, the Court issued an Order **(#1227)** denying Ms. Edwards' Motion to Dismiss **(#841)** in which she argued that the Government's use of an informant, Warren Williams, to obtain her recorded statements was outrageous conduct because it occurred while she was represented by counsel. The statements were obtained after the Government voluntarily sought dismissal of an original indictment against Ms. Edwards in another case for the purpose of investigating new offenses.

Based upon the evidence presented, the Court concluded that the Government's conduct was not outrageous and that dismissal of the charges against Ms. Edwards was not mandated. However, the Court expressed concern that the evidence obtained through Mr. Williams might be used to prove the original, dismissed charges. Neither side had addressed whether the adversary process was operative as to the old charges, and it was not clear from the record whether the evidence obtained from Mr. Williams would be pertinent to the old or new charges. Therefore, the Court set a deadline for the parties to file a motion seeking a determination of the admissibility of evidence obtained from Mr. Williams' efforts.

Ms. Edwards has filed such a motion. She contends that the evidence collected through Mr. Williams violated her due process rights and her right to the effective assistance of counsel

2

because the Government used Mr. Williams as an informant during the adversary process and while she was represented by counsel. She requests suppression of that evidence. However, she cites no law to support this argument.

The Government responds that the motion lacks specificity and there is no legal basis for suppression. It also states that the substance of the conversations between Mr. Williams and Ms. Edwards primarily was focused upon new criminal conduct, but acknowledges that some of the statements pertained to the old charges. It asks that Ms. Edwards' motion be denied, or that Ms. Edwards be required to file a more specific motion identifying what statements should be suppressed on what basis.

The issue presented is whether the dismissal of the original indictment for the purpose of seeking a new, more comprehensive indictment opened a window of opportunity for the Government to elicit uncounseled statements from Ms. Edwards about the conduct upon which the original indictment was premised. Neither the Motion nor the Response address this issue with any legal analysis or authority.

**IT IS THEREFORE ORDERED** that the parties shall have an opportunity to supplement their pleadings with appropriate briefing on or before **July 12, 2006**, failing which the Motion will be denied.

Dated this 26th day of June, 2006

                                **BY THE COURT:**

                                Marcia S. Krieger
                                United States District Judge