UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 04-cr-00463-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. LINDA CARNAGIE,
2. NINA MARIE CAMERON,
3. LESLIE ROUSSEAU,
4. ALBERTICO GALINDO,
5. SONIA RAMIREZ,
6. SANDRA LINDSEY,
7. ROSAURA RAMIREZ,
8. GAIL HENDERSON,
9. DWAYNE VANDYKE,
10. CHRISTOPHER ALLEN,
11. DENISHA WALKER,
12. DAVID WOMELY,
13. RANDAL JONES,
14. SHEILA LOCKETT,
15. SHAWN GARRETTE,
16. **LINDA EDWARDS,**
17. **LADONNA MULLINS,**
18. TRENSON L. BYRD, aka TL Byrd,
19. **EMMITT COTTON, SENIOR,**
20. STAFFORD A. HILAIRE,
21. TYRONE TENNYSON,
22. ROBERT WEDGEWORTH,
23. DARYL COLLINS,
24. TRACIE LOCKHART,
25. AARON BLATHERS,
26. SEBASTIAN SCOTT,
27. MICHAEL KEYS,
28. QUNELL JEFFERSON,
29. DONNA BLACKLOCK,
30. MAURICE POOLE,
31. MONICA FITE,
32. AURELIA WALKER,
33. WENDY WILKINS,and
34. ODIE WEBSTER, III,
        Defendants.

## ORDER ON MOTIONS TO SEVER

THIS MATTER comes before the Court on motions to sever **(#1775, #1784, #1812)** filed by Defendants LaDonna Mullins and Emmitt Cotton, Senior, to which the Government responded **(#1793, #1798, #1814).**[1]  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Procedural History

The charges in this case arise from an alleged scheme involving submission of false documents to HUD in order to obtain FHA insurance for home mortgage loans. The charges against all of the Defendants other than Ms. Mullins, Mr. Cotton, and Ms. Edwards, have been determined either by plea or in an eight week trial conducted in the fall of 2006 (the first trial).

Trial of the charges against Ms. Mullins, Mr. Cotton, and Ms. Edwards was originally set for March 28, 2007.  On the eve of trial, after issuance of a ruling setting aside the jury's verdict on conspiracy charges in the first trial, the Government filed a Third Superceding Indictment **(#1694)** as to only Ms. Mullins, Mr. Cotton, and Ms. Edwards.  Trial on these charges is currently set for January 2, 2008.

### II. Nature of the Charges and Arguments with Regard to Severance

According to the Third Superseding Indictment, and at all times pertinent, Ms. Mullins and Ms. Edwards worked as real estate agents at separate businesses, and Mr. Cotton worked as a loan officer associated with Ms. Edwards.  There are 47 counts in the Third Superseding

---

[1] Defendant Linda Edwards previously filed a motion to sever **(#1726)**, which she withdrew **(#1760)** and did not refile.  Therefore, such motion is not before the Court.

Indictment, of which 42 are pending.[2]

Counts 1 through 17 are wire fraud charges asserted against Ms. Edwards, and include four counts asserted against both Ms. Edwards and Mr. Cotton; all are premised upon the electronic submission of false information to obtain FHA-insured loans. Counts 18 through 26 allege the submission of false documents to HUD; all are asserted against Ms. Edwards, and three are also asserted against Mr. Cotton. Counts 27 through 32 charge the false use of a social security number by Ms. Edwards, and two of the charges are also asserted against Mr. Cotton. Count 33 charges Mr. Cotton with making a false statement to a financial institution. Counts 38 through 40 charge Ms. Edwards with money laundering, and relate to the wire fraud charges against her. Counts 42 through 46 are wire fraud charges against Ms. Mullins; like the wire fraud charges against her co-defendants, these charges are based upon the alleged electronic submission of false information to obtain FHA-insured loans. Finally, Count 47 is a forfeiture allegation against Ms. Edwards, Mr. Cotton, and Ms. Mullins.

In her Motion for Relief from Prejudicial Joinder **(#1784)**, Ms. Mullins asks that she be tried separately from her co-defendants on the basis that she is charged in Counts 42 through 46, whereas her co-defendants are not, and there are no conspiracy charges that tie them together. This is, at its essence, an argument that the Defendants are misjoined. Ms. Mullins also argues that a joint trial will be prejudicial to her, because the evidence to be offered against her "is of a significantly different quality and quantity than the evidence" which the Government will offer against her co-defendants.

---

[2] The Court dismissed Counts 34 through 37 as barred by the statute of limitations. The Court dismissed Count 41 on the Government's motion.

Mr. Cotton filed two motions. The first is a Motion to Sever Count 33 **(#1775)** for a separate trial. He contends that the transaction which is the subject of Count 33 is completely unrelated to any HUD FHA loan, and thus is unrelated to the other charges against him. This is an argument that Count 33 is misjoined with the other counts asserted against Mr. Cotton. Mr. Cotton also argues that he will be prejudiced if he is tried on all counts in a single trial, because he may desire to testify as to the HUD FHA counts, but not on Count 33.

Mr. Cotton's second motion is a Motion for Severance and Relief from Prejudicial Joinder **(#1812)**, in which he argues that he will be prejudiced if tried with Ms. Edwards. He contends that he is allegedly less culpable than Ms. Edwards, and the bulk of evidence against her may not be admissible to prove the charges against him. He fears that a jury will consider such evidence in determining the charges against him. He makes no arguments of misjoinder in this motion.

The Government filed a separate response **(#1793, #1798, #1814)** to each motion. However, as to the two motions asking for separate trials of co-defendants, its argument is essentially the same. The Government contends that a joint trial of all three Defendants, on all charges, is appropriate and in the interest of judicial economy. It states that the charges against the Defendants arise from a single scheme. It also asserts that there will be a substantial overlap in the evidence against the Defendants. In specific, many of the same witnesses may testify with regard to the charges against all three Defendants,[3] and several additional witnesses may testify

---

[3] The Government identifies Marc Friedland, Patricia Nelson, Ernest Peoples, Angela Pfannensteid, John Raney, Suzanne Steigerwald, Rod Wesson, Warren Williams, Angela Davidson, Ellen Dole, Bill Ellsbury, Kenneth Grubb, and a custodian for First Horizon Home Loans as witnesses falling within this description.

against both Ms. Edwards and Ms. Mullins,[4] or against both Ms. Edwards and Mr. Cotton.[5] Further, it states that Ms. Edwards and Mr. Cotton are both named in ten of the same counts, and that they "inextricably participated in the same scheme to defraud." Finally, the Government contends that no Defendant has made a showing of specific prejudice which would result from a joint trial, and that any prejudice could be cured with instructions to the jury.

As to Count 33, the Government argues that it is properly joined under Fed. R. Crim. P. 8(a) because all of the charged offenses are of similar character, and the transaction forming the basis of this count is the subject of other counts in the Third Superseding Indictment. It also asserts that the evidence supporting the other counts would be admissible under Fed. R. Evid. 404(b) to prove Count 33, and vice versa. The Government contends that Mr. Cotton has not made a sufficient showing that he will be prejudiced if all counts against him are tried in a single trial.

These motions present two issues. First, are the charges or the Defendants improperly joined in a single action. If all are properly joined, then the second issue presented is whether severance of the charges or Defendants for purposes of trial is warranted.

---

[4] The Government identifies Wally Armistead, Aaron Blathers, Kai Blathers, Nina Cameron, Christine Hart, Alvin Green, Qunell Jefferson, and Tracey Richardson as witnesses falling within this description.

[5] The Government identifies Maurice Poole, Thomas Alexander, Stephanie Birch, Kii Hursey, Michael Jefferson, Dwayne Jones, Kimberly Jordan, and Aurelia Walker as witnesses falling within this description.

### III. Standard of Review

The joinder of offenses and defendants is governed by Fed. R. Crim. P. 8, which provides in relevant part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Courts are directed to broadly construe Rule 8 to allow for liberal joinder of defendants and charges so as "to enhance the efficiency of the judicial system." *See United States v. Morales,* 108 F.3d 1213, 1219 (10th Cir. 1997). However, "when there is a joinder of defendants and offenses totally unconnected, there is no room for judicial discretion and the court must grant severance." *See United States v. Riebold,* 557 F.2d 697, 707 (10th Cir. 1977). Misjoinder of offenses occurs when offenses are charged in the same indictment, but contrary to Rule 8(a), they are not of the same or similar character, are not based on the same act or transaction, and are not connected with or constitute parts of a common scheme or plan. Similarly, misjoinder of defendants occurs when defendants are charged in the same indictment but, contrary to Rule 8(b), the defendants are not alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Severance of charges or defendants is governed by Fed. R. Crim. P. 14(a), which

provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

If there is no misjoinder, a court must assess whether there is prejudice resulting from a joint trial of all charges against all defendants, and if so, weigh it against the expense and inconvenience of separate trials. *See United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1377 (Feb. 21, 2006). Severance based upon prejudicial joinder is a matter of discretion, not a matter of right. *See United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993). Generally, "a mere allegation that defendant would have a better chance of acquittal in a separate trial" or a complaint of "spillover effect" of evidence does not show sufficient prejudice. *See Small,* 423 F.3d at 1182. "Rather, to show prejudice a defendant must show that there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *See id.*

### IV. Analysis

At first blush, there seems to be little factual overlap between the charges against Ms. Edwards and Mr. Cotton, on the one hand, and the charges against Ms. Mullins, on the other. These Defendants are alleged to have engaged in different transactions with different home buyers. The Defendants are not charged with conspiracy, but the alleged transactions occurred over a distinct period of time, involved false documents obtained and used in the same way, and involves some of the same people. Because of this, the Government states that its evidence is pertinent to the scheme and to all three Defendants. Thus the charges and Defendants are

properly joined.

As for Count 33, it is of the same or similar character as other counts asserted against Mr. Cotton.  It alleges that Mr. Cotton falsely represented his income to a financial institution in order to obtain a loan for the purchase of property located at 1676 South Dayton Street in Aurora, Colorado.  Such charge bears similarity to Counts 22, 24 and 26, which allege that Mr. Cotton and Ms. Edwards provided false employment and income information to HUD in order to obtain FHA-insured loans for various home buyers.  Thus, there is no misjoinder of Count 33.

The Defendants have made no showing that a joint trial would compromise any specific statutory or constitutional right.  Rather, their arguments are aimed only at the potentially prejudicial spillover effect of evidence at trial, and are non-specific.[6]  As to the possibility of spillover impact of evidence, the jury can be instructed that each Defendant is only on trial for the charges brought against that Defendant, and can be given other curative instructions as needed.

Mr. Cotton also has made no specific showing of prejudice which would result from a joint trial on all counts against him.  He simply states that he may wish to testify on some charges and not others.  Pursuant to *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992) (quoting from *United States v. Valentine,* 706 F.2d 282, 291 (10th Cir.1983)), the mere assertion that a defendant may desire to testify with regard to only some charges does not require severance:

> [N]o need for a severance exists until the defendant makes a
> convincing showing that he has both important testimony to give

---

[6] They do not claim that they have mutually antagonistic defenses, *see Zafiro v. United States*, 506 U.S. 534 (1993), that essential exculpatory evidence would only be available to them if they are tried separately, or that their Sixth Amendment right to confront witnesses will be violated under either *Crawford v. Washington*, 541 U.S. 36 (2004), or *Bruton v. United States,* 391 U.S. 123 (1968).

8

> concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information-regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other-to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying.

Mr. Cotton has made no showing that he has important testimony to give on the HUD charges, or a strong need to refrain from testifying on Count 33. Indeed, he has not explained what testimony he desires to give.

**IT IS THEREFORE ORDERED** that the motions to sever **(#1775, #1784, #1812)** filed by Ms. Mullins and Mr. Cotton are **DENIED**.

Dated this 25th day of July, 2007

        **BY THE COURT:**

*Marcia S. Krieger*
_____

        Marcia S. Krieger
        United States District Judge